1   UNITED STATES DISTRICT COURT

2   EASTERN DISTRICT OF WISCONSIN

3   ----------------------------------------------------------------

4   UNITED STATES OF AMERICA,

5                    Plaintiff,

6          -vs-                    CASE NO.:  18-CR-129

7   IONEL MURESANU,

8                    Defendant.

9   ----------------------------------------------------------------

10          TRIAL in the above-entitled matter, held before

11   the Honorable J.P. Stadtmueller, on the 20th day of August,

12   2018, commencing at 8:35 a.m. and concluding at 8:52 a.m.

13

14

    A P P E A R A N C E S
15
    United States Department of Justice
16   Office of the U.S. Attorney
    Ms. Karine Moreno-Taxman and Ms. Carol L. Kraft
17   517 East Wisconsin Avenue, Room 530
    Milwaukee, Wisconsin  53202
18   Appeared on behalf of the Plaintiff.

19   Federal Defender Services of Wisconsin, Inc.
    Mr. Joshua D. Uller
20   510 East Wisconsin Avenue, Room 182
    Milwaukee, Wisconsin  53202
21   Appeared on behalf of the Defendant, also present.

22
    Ms. Kate Maternowski, Clerk.
23   Ms. Sheryl L. Stawski, Official Reporter.

24

25                              * * * *

1    T R A N S C R I P T   O F   P R O C E E D I N G S

2         (The proceedings commenced at 8:35 a.m.)

3         THE CLERK:  The Court calls United States versus Ionel

4    Muresanu, Case Number 18-CR-129, for a jury trial.

5         May I have appearances beginning with the Government,

6    please.

7         MS. MORENO-TAXMAN:  Karine Moreno-Taxman and Carol

8    Kraft, Assistant United States Attorneys; and also present at

9    counsel table is United States Secret Service Officer Zachary

10   Hoalcraft.

11        Good morning, Your Honor.

12        MR. ULLER:  Good morning, Judge.

13        Ionel Muresanu appears with Joshua Uller.

14        THE COURT:  Thank you.

15        Good morning, Ms. Moreno-Taxman, Ms. Kraft,

16   Mr. Hoalcraft, Mr. Uller, and Mr. Muresanu.

17        Before proceeding this morning, I want the parties to

18   make a record with regard to disposition of this case without

19   trial.  I appreciate that didn't occur, but it is in everyone's

20   interest that this be fully developed on the record.

21        So beginning with you, Ms. Moreno-Taxman, describe for

22   the record what occurred in this case beginning when with

23   regard to disposition without a trial.

24        MS. MORENO-TAXMAN:  Judge, from the very beginning

25   when the defendant first -- I have some notes.  I have to get

1    them.

2              THE COURT:  Certainly.

3              MS. MORENO-TAXMAN:  With regard to plea negotiations,

4    Your Honor, when the date -- the first date that this

5    defendant -- appeared with this defendant in court, I

6    approached defense counsel and indicated that I was interested

7    in him cooperating for a lesser sentence.  He told me he would

8    talk with the defendant and then later came back and told me

9    that was not acceptable.

10             Subsequently, we had several conversations and e-mails

11   regarding plea negotiations.  We repeatedly discussed his

12   potential cooperation and had numerous phone calls and e-mails

13   discussing possible resolution of this case.

14             On August 6, 2018, the last -- the day before the last

15   date for the plea agreement could be accepted, I sent Mr. Uller

16   a plea agreement draft in anticipation of the fact that he was

17   going to be meeting with his client that day.  And then by

18   e-mail on Tuesday, August 7th at 4:54 p.m. he told me for the

19   first time that he expected a plea agreement -- did not expect

20   a plea agreement to be filed.

21             Again, I continued to try to resolve the case and

22   indeed even as late as August 10th when the defendant --

23   defense counsel spoke with Kelly Watzka in order to -- it's

24   either the 8th or the 10th -- try to negotiate a plea that he

25   wanted.  That was rejected.  It was rejected by my office.

1   This was actually the second time that I had taken Mr. Uller's

2   request to Kelly Watzka, the supervisor of this case.

3           After that the defendant -- the defendant sent me an

4   e-mail and -- telling me that he was going to file a motion to

5   exclude; if I wanted to avoid that, that I should accept his

6   plea.

7           And even as late as last week we were still

8   negotiating.  Each time the defense counsel has told me that

9   the issue for the defendant is the fact that he doesn't want to

10  be deported.

11          That's a pretty good summary I think, Your Honor.

12          THE COURT:  All right.

13          Mr. Uller, do you have anything you'd like to add?

14          MR. ULLER:  No.

15          THE COURT:  Anything further?

16          MS. MORENO-TAXMAN:  Judge, I -- Just for the record, I

17  assume that Mr. Uller by saying he has nothing to add that he

18  confirms that those things happened and that he did discuss

19  each of those conversations with his client.

20          THE COURT:  Well, I guess where the Court is coming

21  from, I don't learn anything from what you have recounted this

22  morning that would lead a reasonable person to conclude that,

23  in fact, this case was on track to be resolved short of trial.

24          Is that fair, or am I in error?

25          MS. MORENO-TAXMAN:  That -- That was always my

understanding, Your Honor.

THE COURT: But there's nothing to support it other than your view, correct?

MS. MORENO-TAXMAN: No, no, Your Honor. There's plea negotiations going on the whole time.

THE COURT: But they were never accepted, correct?

MS. MORENO-TAXMAN: Well, they were -- there was offer and counteroffer, then offer and counteroffer since the case was -- there was -- we were in the midst of plea negotiations up until the end of last week.

THE COURT: I understand, but there's also the matter of an outstanding order of this Court scheduling the case for trial.

And I guess the problem that Judge Stadtmueller has is attributable to the fact that there is nothing to suggest that the case had, in fact, been resolved. I appreciate there were always discussions. There's nothing to suggest that, in fact, it had been resolved.

And then we layer onto that, of course, the fact that there's been a blizzard of motions in limine filed to suggest that the parties really haven't had meaningful consideration of the obligations with regard to disclosure, with regard to how expert witnesses if, in fact, they be denominated as expert witnesses are to be treated.

And then just last Thursday the Seventh Circuit ruled

1    on one of Ms. Moreno-Taxman's other cases that was tried before

2    this Court; and although the Court affirmed Mr. Williams'

3    conviction, they had issues with regard to whether or not an

4    FBI agent's testimony, in fact, did or didn't qualify as an

5    expert witness.  And in an abundance of caution, the Court

6    found that it should have been disclosed.

7         And that leaves the Court with what I reasonably can

8    draw from the record in this case, and that is that one might

9    reasonably conclude that given the intensity with which bond

10   was pursued before Magistrate Judge Joseph back before the

11   magistrate in July, that the intensity of Mr. Muresanu's desire

12   to be released on bond really didn't have anything to do with

13   getting ready for trial; it had everything to do with what one

14   might reasonably infer -- it wouldn't conclude this -- but one

15   can reasonably draw from the record his desire to either return

16   to his homeland or absent himself if released.  And so there

17   wasn't the level of preparation that went into the case that

18   should have been on both sides.

19        And so what the Court is going to do this morning

20   given the fact that there's excludable time through

21   September 12th is we're going to delay the start of the trial

22   in this case to Monday, September 10th.

23        And in the meantime the Court will issue an amended

24   trial scheduling order, and we're going to have a further final

25   pretrial in this case on Tuesday the 4th of September at 8:30.

1    That updated pretrial report will be due next Wednesday, August

2    the 29th.

3         And in the meantime consistent with the Seventh

4    Circuit's decision in *Jaboree Williams* last week, I'm going to

5    direct that the Government comply in all respects both with the

6    letter and spirit of that decision with regard to expert

7    witnesses in this case.

8         You will also note in the Court's amended trial

9    scheduling order that with regard to motions in limine, the

10   parties have to meet and confer; and beyond simply filing

11   motions, they have to be supported both with local rules,

12   Federal Rules, and appropriate case law; and that will all be

13   required in the same document.  And the Court will address as

14   it is able to do so on the state of the record at the final

15   pretrial conference on September 4th what the Court's tentative

16   rulings will be on any motions in limine.

17        Going forward, since the Court met with Mr. Matthew

18   Krueger shortly after his investiture -- or appointment, I

19   conveyed to him that it would be very wise for the U.S.

20   Attorney's Office to put more and more of these criminal cases

21   on more of a fast track in terms of resolution.  That has not

22   occurred.  But in this branch of the court, any disposition

23   short of trial will now be required not two days before the

24   pretrial report is to be due but ten days before the pretrial

25   report is due so we don't have these scenarios where there are

negotiations up until literally the last minute and the Court
and its staff and the Clerk's Office are left holding the bag
with regard to trying to in a meaningful way bring these cases
to conclusion.

So to recap, the case is adjourned for trial to
Monday, September 10th; pretrial conference on Tuesday,
September 4th at 8:30. The final pretrial report consistent
with the Court's order that will issue later today must be
filed not later than 2:00 p.m. on Wednesday, August 29th.

Are there any other matters you wish to address, Ms.
Moreno-Taxman, Mr. Uller?

MS. MORENO-TAXMAN: Not on behalf of the United
States, Your Honor.

MR. ULLER: Judge, I just want to, I guess, put on the
record that I do believe that we are ready to proceed to trial
today. And I guess that's -- that's it.

THE COURT: Well, obviously, had you had all of the
documents you now claim you didn't get, one might reasonably
conclude from the fact that the motions were filed that you're
not prepared and neither is the Government.

So the Court stands on its record. Each of you stand
on yours. There is no speedy trial issue in the case. And we
will proceed on Monday, September 10th.

In the meantime, Ms. Moreno-Taxman, I would appreciate
your conveying to Mr. Krueger and the supervisors in your

1    office that henceforward any disposition short of trial must be

2    memorialized in writing, and it will appear in the trial

3    scheduling order ten days before the final pretrial report is

4    filed -- not ten days before trial; ten days before the final

5    pretrial report is filed.

6              The Court stands in recess.

7              (Proceedings concluded at 8:52 a.m.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

STATE OF WISCONSIN  )
                    )  SS:
MILWAUKEE COUNTY    )

                    I, SHERYL L. STAWSKI, a Registered
Professional Reporter and Official Court Reporter, for the
United States District Court, Eastern District of Wisconsin, do
hereby certify that the above proceedings were reported by me
on the 20th day of August, 2018, and reduced to writing under
my personal direction and is a true, correct and complete
transcription of my computer-aided transcription of my
stenographic notes.

                    Dated at Milwaukee, Wisconsin, this 5th
day of October, 2018.

                    s/ Sheryl L. Stawski

                    Sheryl L. Stawski
                    Official Court Reporter
                    United States District Court